UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHAWN MICHAEL SIMMERER,

    Petitioner,

v.                                       CASE NO. 6:07-cv-300-Orl-31KRS
                                                 (6:04-cr-007-Orl-31KRS)

UNITED STATES OF AMERICA,

    Respondent.

_____

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Shawn Michael Simmerer (Doc. No. 1). The Government filed a response (Doc. No. 6) to the § 2255 motion in compliance with this Court's instructions and with *The Rules Governing Section 2255 Cases in the United States District Courts.* Petitioner filed a reply to the Government's response (Doc. No. 8).

Petitioner alleges four claims for relief in his motion: first, that the federal government "lacked federal legislative, territorial, or admiralty jurisdiction in over [sic] the locus quo" (claim one); second, that the federal government failed to establish a federal interstate commerce nexus (claim two); third, that the charging instrument was fatally defective (claim three); and fourth, that Title 18 of the United States Code is unconstitutional (claim four).

*I.     Procedural History*

Petitioner was charged by First Superseding Indictment with one count of bank fraud, in violation of 18 U.S.C. § 1344[1] (Criminal Case 6:04-cr-007-Orl-31KRS, Doc. No. 36).[2] After a jury trial, Petitioner was found guilty as charged and sentenced to a sixty-month term of imprisonment, followed by a five-year term of supervised release. (Crim. Case Doc. No. 80). Petitioner filed a notice of appeal, and the Eleventh Circuit Court of Appeals issued a written, unpublished order affirming his conviction and sentence (Crim. Case Doc. No. 101). Petitioner next filed a petition for writ of certiorari, which the United States Supreme Court denied. *Simmerer v. United States*, 547 U.S. 1032 (2006).

---

[1]The First Superseding Indictment specifically stated, as follows:

> Beginning in or about March, 2000, and continuing through on or about May 18, 2000, in Seminole, Orange, Volusia, Broward, and Dade Counties, Florida, in the Middle District of Florida, the Southern District of Florida, and elsewhere,
>
> **SHAWN MICHAEL SIMMERER**
>
> the defendant herein, knowingly devised a scheme and artifice to defraud SunTrust Bank, a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, and credits owned by or under the custody or control of SunTrust Bank, a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation, by means of false and fraudulent pretenses, representations, and promises . . . .

(Criminal case number 6:04-cr-007-Orl-31KRS, Doc. No. 36 at 1.) The document also set out the manner, means, and execution of the scheme and artifice to defraud. *Id.* at 2-4.

[2]Criminal case number 6:04-cr-007-Orl-31KRS will be referred to as "Criminal Case."

II.   *Petitioner's Claims*

A.   *Claim One*

In his first claim, Petitioner contends that the federal government "lacked federal legislative, territorial, or admiralty jurisdiction" over his criminal case.  (Doc. No. 2 at 1.) According to Petitioner, the "prosecution must always prove (legislative, territorial, or admiralty) jurisdiction over the geographical location whereon the alleged prohibitive acts were purported to have been committed."  *Id*. at 2.  Thus, he asserts that "[i]n criminal prosecutions where the Federal government is a moving party it must not only establish ownership of the property which the crime(s) allegedly occurred, but they must also produce documentation that the State has ceded the jurisdiction of that property to them." *Id*. In addition, Petitioner argues that this Court erred by not determining jurisdiction prior to entertaining the criminal case against him.  *Id*. at 13.

In its response to Petitioner's § 2255 motion, the Government incorrectly argues that jurisdictional claims are not cognizable in a § 2255 motion.  Both the United States Supreme Court and the Eleventh Circuit Court of Appeals have explicitly recognized that challenges to a court's subject matter jurisdiction cannot be waived, forfeited, or procedurally barred. *United States v. Cotton*, 535 U.S. 625, 630 (2002) (stating that subject matter jurisdiction can never be forfeited or waived because it involves a court's power to hear a case); *United States v. Peter,* 310 F.3d 709, 712 (11th Cir. 2002) (jurisdictional error "can never be waived by parties to litigation"); *Harris v. United States,* 149 F.3d 1304, 1308 (11th Cir. 1998)

3

(jurisdictional defects cannot be procedurally defaulted). Thus, Petitioner's jurisdictional claim regarding his criminal case is properly before this Court.

The Constitution of the United States gives Congress the power to create inferior federal courts and determine their jurisdiction. U.S. Const. art. III, § 1. Congress has conferred original jurisdiction of "all offenses against the laws of the United States" to the federal district courts. 18 U.S.C. § 3231. Additionally, Congress has created district courts in each state, including the State of Florida. Congress has further divided the state of Florida into three judicial districts and provided that Seminole, Orange, and Volusia Counties, Florida will be in the Middle District of Florida and that court shall be held *inter alia* in Orlando. 28 U.S.C. § 89.

The only count charged in Petitioner's First Superceding Indictment was bank fraud against a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation, an offense that is against the laws of the United States. *See* 18 U.S.C. § 1344. Therefore, under 18 U.S.C. § 3231, this Court had jurisdiction to adjudicate Petitioner's case and claim one is denied.

B.   *Claims Two, Three, and Four*

Plaintiff contends that the prosecution failed to establish a federal interstate commerce nexus (claim two); that the charging instrument was fatally defective (claim three); and that Title 18 is unconstitutional. Although he filed a direct appeal, Petitioner did not raise these three claims with the appellate court.

"[A] defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. This rule generally applies to all claims, including constitutional claims." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (citations omitted). However, a petitioner can avoid the procedural bar by demonstrating the applicability of one of the two exceptions: (a) cause and prejudice for the failure to raise the claim on direct or (b) "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994).

In the present case, Petitioner did not raise these claims on direct appeal. Furthermore, he has not demonstrated cause or prejudice with regard to his failure to raise these claims on direct appeal. Likewise, Petitioner has neither alleged nor shown the applicability of the fundamental miscarriage of justice exception. A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar; therefore, his failure to raise these claims on direct appeal constitutes a waiver and bars him from raising claims two, three, and four.[3]

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

---

[3] To the extent that Petitioner is raising a jurisdictional argument in these three claims, such an argument must be denied on the merits. As set forth in connection with claim one, this Court clearly had jurisdiction over the bank fraud charge brought against Petitioner in his criminal case.

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Shawn Michael Simmerer (Doc. No. 1) is **DENIED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

4. The Clerk of the Court is directed to file a copy of this Order and the judgment in criminal case number 6:04-cr-007-Orl-31KRS and to terminate the § 2255 motion (Criminal Case Doc. No. 107) filed in the criminal case.

**DONE AND ORDERED** at Orlando, Florida, this 31st day of March, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sa 3/31
Shawn Michael Simmerer
Counsel of Record